# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF IDAHO

_____

| | |
|---|---|
| In Re:<br>Teresa A. Baker,<br><br><br>Debtor. | Bankruptcy Case<br>No. 17-00044-JDP |

_____

| | |
|---|---|
| Teresa A. Baker,<br><br><br>Plaintiff,<br><br>vs.<br><br>Nationstar Mortgage, LLC<br>and Duke Partners II, LLC,<br><br>Defendants. | Adv. Proceeding<br>No. 17-06010-JDP |

_____

## MEMORANDUM OF DECISION
_____

Appearances:

  Patrick Geile, FOLEY FREEMAN, PLLC, Meridian, Idaho,
  Attorney for Plaintiff.

MEMORANDUM OF DECISION – 1

**James Colborn, NEAL COLBORN, PLLC, Boise Idaho, Attorney
for Defendant Duke Partners II, LLC.**

### *Introduction*

On May 2, 2017, defendant Duke Partners II, LLC ("Defendant")

filed a motion to dismiss this adversary proceeding under Civil Rule

12(b)(6)[1] for failure to state a claim.  Dkt. No. 8.  Plaintiff Teresa A. Baker

("Plaintiff"), the chapter 13 debtor in this bankruptcy case, opposes the

motion.  Dkt. No. 13.

On June 6, 2017, the Court conducted a hearing concerning the

motion at which the parties presented oral argument and responded to

questions of the Court.  Minute Entry, Dkt. No. 14.  Following the hearing,

the parties filed supplemental briefing.  Dkt. Nos. 18, 19.  Having taken the

issues under advisement, considered the pleadings, briefs, and arguments

of counsel, as well as the applicable law, this Memorandum sets forth the

Court's findings, conclusions, and reasons for its disposition of the motion.

---

[1] Unless otherwise indicated, all chapter and section references are to the
Bankruptcy Code, 11 U.S.C. §§ 101–1532, all Rule references are to the Federal
Rules of Bankruptcy Procedure, Rules 1001–9037, and all Civil Rule references
are to the Federal Rules of Civil Procedure, Rules 1–86.

MEMORANDUM OF DECISION – 2

Rules 7052.

*Facts*[2]

Plaintiff executed a deed of trust on her house ("the Property") in favor of her lender, Nationstar Mortgage, LLC ("Nationstar") on or about July 30, 2002. Compl. at 2, Dkt. No. 1. Sometime later, Plaintiff became delinquent on her payments and a trustee's foreclosure sale was scheduled. To address this, Plaintiff completed a series of loan modification paperwork which she submitted to Nationstar. *Id.* As the trustee's sale date approached, Plaintiff reached out to the federal Department of Housing and Urban Development ("HUD") to determine if a HUD representative could assist her in her efforts to resolve her situation with Nationstar. *Id.* at 3. A HUD representative then facilitated negotiations between Plaintiff and Nationstar to stop the foreclosure and modify the note. *Id.* Plaintiff also retained a bankruptcy attorney to file a chapter 13 bankruptcy petition if arrangement to postpone the trustee's

---

[2] The following facts are based upon the allegations of Plaintiff's complaint and information in the Court's docket in this adversary proceeding.

MEMORANDUM OF DECISION – 3

sale could not be made.

On the morning of January 17, 2017, the day of the trustee's sale,
Plaintiff contacted a HUD representative, Nationstar, and the title
company. *Id.* The Nationstar representative told Plaintiff that the trustee's
sale would be postponed. *Id.* Relying on this information, Plaintiff
notified her bankruptcy attorney that she did not want a bankruptcy
petition to be filed. *Id.* Soon thereafter, a HUD representative contacted
Plaintiff regarding postponement of the scheduled sale. *Id.* Plaintiff also
spoke with an attorney for the title company who indicated he would get
back to her with answers about the postponement of the sale; apparently,
he never did. *Id.*

Based upon these communications, Plaintiff assumed that the
foreclosure sale had been postponed. *Id.* at 4. But the next day, a notice
was posted on the front door from Defendant demanding that she vacate
the Property because the foreclosure sale had occurred, and Defendant
had purchased the Property at the sale for $158,000. *Id.* at 4- 5. According
to her complaint, Plaintiff does not know whether Defendant knew of her

MEMORANDUM OF DECISION – 4

attempts to postpone the sale, or whether there were any communications

between Defendant and Nationstar prior to the foreclosure sale. *Id.*

Plaintiff contacted HUD and Nationstar. *Id.* at 4. A Nationstar

representative told her the sale occurred because Plaintiff had not

submitted all of the paperwork necessary to modify the loan and

postpone the sale. *Id.* However, the representative also indicated that a

deed had not yet been recorded transferring the Property to Defendant. *Id.*


Plaintiff's counsel then contacted the attorney for the title company

and verified that a deed had not yet been recorded in Defendant's name.

*Id.* An attorney for the title company also confirmed to Plaintiff's lawyer

that the title company received no notification from Nationstar to

postpone the trustee's sale. *Id.*

On January 20, 2017, Plaintiff filed a chapter 13 bankruptcy petition.

*Id.* at 4. In her schedules, she valued the Property at $180,000, and listed

the amount of the Nationstar debt secured by the Property as $140,282. *Id.*

Plaintiff continues to reside at the Property. *Id.* at 5.

MEMORANDUM OF DECISION – 5

In the bankruptcy case, Defendant filed a motion for relief from the automatic stay, and after Plaintiff objected, the Court denied that motion on condition that Plaintiff promptly file an adversary proceeding to establish her rights to the Property. *Id.*

On April 7, 2017, Plaintiff filed an adversary complaint against Nationstar and Defendant. Dkt. No. 1. In Count One, Plaintiff seeks to avoid the trustee's foreclosure sale to Defendant as a fraudulent transfer under § 548(a). Compl. at 5. In particular, she alleges that the sale was an involuntarily transfer of her interest in the Property; that Plaintiff was insolvent on the date of the sale; and that Plaintiff did not receive reasonable equivalent value for her interest in the Property. *Id.* at 5–6. She also alleges that a deed to Defendant was not recorded prior to the filing of the bankruptcy petition. *Id.* at 6.

In Count Two, Plaintiff seeks to avoid the sale pursuant to §§ 544, 550, and 522 based upon common law fraud. *Id.* at 6. She argues that the Nationstar representative's false statement to her that the foreclosure sale would be postponed caused her not to seek the protection of the

MEMORANDUM OF DECISION – 6

bankruptcy. *Id.* at 7. She alleges that the Nationstar representative knew

Plaintiff was awaiting a decision on her application for modification of the

loan, and to postpone the sale in order, to decide whether she should file

for bankruptcy, and that, by the representative's statements to her that the

sale would be postponed, Nationstar intended to induce Plaintiff to not

seek bankruptcy protection so the sale could be conducted. *Id.* Plaintiff

alleges she had the right to rely upon the Nationstar representative's

statements while negotiating her delinquency, and that she was

proximately injured when her home was sold due to her reliance on those

statements. *Id.*

On these theories, Plaintiff asks the Court to set aside the foreclosure

sale or, in the event the transfer of the Property cannot be avoided, that

Plaintiff recover the value of the Property that was transferred from

Nationwide. *Id.* at 8.

On May 2, 2017, Defendant filed the motion to dismiss now before

the Court, and on May 26, 2017, Plaintiff filed an opposition. Dkt. Nos. 8,

13. Nationstar filed a pleading entitled "Defendant Nationstar Mortgage,

MEMORANDUM OF DECISION – 7

LLC's Joinder to [Defendant's] Motion to Dismiss Count I and Answer to

Complaint." Dkt. No. 11. This odd pleading contained no additional

argument or explanation of Nationstar's position concerning the motion,

or Plaintiff's claims, other than listing "failure to state a claim" as an

affirmative defense. Dkt. No. 11 at 5.

Counsel for Defendant and Plaintiff appeared at the hearing on

Defendant's motion; despite its joinder, Nationwide was not represented

at the hearing. *See* Minute Entry, Dkt. No. 15. Plaintiff and Defendant

filed post-hearing briefs. Dkt. Nos. 18, 19. Nationwide did not.

### *Motion to Dismiss Standard*

Civil Rule 12(b)(6), made applicable in adversary proceedings by

Rule 7012(b), allows motions to dismiss for failure to state a claim upon

which relief may be granted. This Court has explained the standard for its

consideration of such a motion as follows:

> The purpose of such a motion is to "test a claim's legal
> sufficiency." *Beach v. Bank of Am. (In re Beach)*, 447 B.R. 313, 318
> (Bankr. D. Idaho 2011) (citing *Navarro v. Block*, 250 F.3d 729,
> 732 (9th Cir. 2001)). To survive a Rule 12(b)(6) motion, a
> complaint must plead sufficient facts, which when accepted as

MEMORANDUM OF DECISION – 8

true, support a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible so long as it is based on a cognizable legal theory and has sufficiently alleged facts to support that theory. *In re Beach*, 447 B.R. at 318 (citing *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121–22 (9th Cir. 2008) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988))).

"[Under Civil Rule 12(b)(6)], the issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Cornelius v. DeLuca*, 709 F. Supp. 2d 1003, 1017 (D. Idaho 2010) (quoting *Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 184 (2005)).

*Hillen v. City of Many Trees, LLC (In re CVAH, Inc.)*, 2017 WL 1684119, *3–*4

(Bankr. D. Idaho 2017). "[A] judge ruling on a defendant's motion to

dismiss a complaint must accept as true all of the factual allegations

contained in the complaint. *Twombly*, 550 U.S. at 572. While the Court

generally can not consider extraneous materials when evaluating a motion

to dismiss, it may consider exhibits attached to, and documents

incorporated by reference in, the complaint. *Gugino v. Wells Fargo Bank*

*Northwest N.A. (In re Lifestyle Home Furnishings, LLC)*, 09.2 IBCR 41, 42

(Bankr. D. Idaho 2009) (citations omitted).

MEMORANDUM OF DECISION – 9

*Analysis and Disposition*

Defendant argues that Count One should be dismissed because Plaintiff did not allege sufficient specific facts to support the allegation of her insolvency, nor did she include sufficient facts or legal theories to support her claim that she received less than reasonably equivalent value as a result of the trustee's sale.  Mot. to Dismiss at 4, Dkt. No. 9.  Defendant argues Count Two should be dismissed as against Defendant because none of the allegations involve Defendant, but instead reference only co-defendant Nationstar.  *Id.* at 9.

### A.    Count One - § 548

As relevant here, § 548(a)(1) empowers a trustee, and here, Plaintiff,[3] to avoid the involuntary transfer of an interest of Plaintiff in property

---

[3] While § 548 expressly bestows this avoidance power on the trustee, under §§ 522(g) and (h), a debtor may assert a claim to avoid a transfer of otherwise exempt property if the transfer was not voluntary, the debtor did not conceal the property, and if the trustee does not attempt to avoid the transfer. Here, Plaintiff alleged the transfer was involuntary, that she disclosed the Property in her bankruptcy schedules, and that, she believes, the trustee will not seek to avoid the transfer.  Compl. at 6, Dkt. No. 1.   These allegations are sufficient to establish Plaintiff's standing to pursue the avoidance claim; Defendant has not argued otherwise.

MEMORANDUM OF DECISION – 10

made within two years before the filing of the bankruptcy petition if

Plaintiff was insolvent on the date that the transfer was made and she

received less than reasonably equivalent value in exchange for the transfer.

§ 548(a)(1)(B).   The term "transfer" is defined in the Code to include the

kind of involuntary transfer of a debtor's interest that occurs via a trustee's

sale to foreclose a creditor's deed of trust lien.  § 101(54)(C)-(D).

### 1.    Insolvency at the Time of the Transfer

Defendant argues that Plaintiff's complaint does not allege sufficient

facts to support her claim that she was insolvent at the time of the transfer,

the trustee's sale.  Plaintiff argues that her bankruptcy schedules, which

she incorporated in the complaint by reference, establish that she was

insolvent when the sale occurred a few days before her bankruptcy filing.

The Code defines "insolvent" as a

> financial condition such that the sum of such entity's debts is
> greater than all of such entity's property, at a fair valuation,
> exclusive of . . . property that may be exempted from property
> of the estate under section 522 of this title.

§ 101(32)(A); *see also Hopkins v. D.L. Evans Bank (In re Fox Bean Co., Inc.)*, 287

MEMORANDUM OF DECISION – 11

B.R. 270, 282 (Bankr. D. Idaho 2002), *subsequently aff'd sub nom*, 144 F.

App'x 697 (9th Cir. 2005) (applying § 101(32)(A) to a § 548 analysis).

In a conclusory fashion, Plaintiff alleges only that "[Plaintiff] was

insolvent at the time of the transfer." Compl. at 5. But that allegation

musts be viewed in context with Plaintiff's schedules of her assets and

debts filed in the bankruptcy case which indicate that, as of the petition

date, Plaintiff's assets had a total value of $358,585.73 and her debts totaled

$235,365.30. *In re Baker*, Case No. 17-00044-JDP, Dkt. No. 18 at 1. In

addition, Plaintiff has claimed exemptions in her property, which have not

been contested, exceeding $200,000. *Id.* at 12–13. As a result, Plaintiff is

correct that, for these purposes, she was "insolvent", at least on the

petition date. Because Plaintiff filed her petition only three days after the

transfer of the Property, for purposes of the motion, the information in

Plaintiff's bankruptcy schedules adequately supports her allegation that

she was insolvent at the time of the transfer of the Property to Defendant.

## 2.    Receipt of Reasonably Equivalent Value

Defendant also argues Plaintiff's complaint fails to adequately allege

MEMORANDUM OF DECISION – 12

that she did not receive reasonably equivalent value for the transfer because Plaintiff fails to allege that any procedural irregularities occurred in the trustee's foreclosure sale, or to otherwise explain how she can overcome the conclusive presumption arising under applicable case law that she received reasonably equivalent value from that sale.  Plaintiff argues that Nationstar's alleged fraud, if proven to be true, constitutes sufficient grounds to overcome the case law presumption.

### a.    *BFP v. Resolution Trust Corporation*

To evaluate Defendant's argument, a review of pertinent case law is in order.  "In [*BFP v. Resolution Trust Corporation*] the Supreme Court held that a prepetition mortgage foreclosure sale conducted in accordance with state law conclusively established that the price obtained at that sale was for reasonably equivalent value." *Tracht Gut, LLC v. L.A. Cty. Treasurer & Tax Collector (In re Tracht Gut, LLC)*, 836 F.3d 1146, 1152 (9th Cir. 2016) (citing *BFP v. Resolution Trust Corp.*, 114 S.Ct. 1757 (1994)).[4]  Thus, under

---

[4] *BFP* addressed § 548(a)(2)(A), the predecessor to § 548(a)(1)(B).  But while the Code provision's section number has changed, "its substance remains materially the same."  *Batlan v. Bledsoe (In re Bledsoe)*, 569 F.3d 1106, 1111 n.3 (9th

MEMORANDUM OF DECISION – 13

*BFP*, Defendant is "entitled to judgment as a matter of law that the

foreclosure sale was not a fraudulent conveyance so long as 'all the

requirements of the State's foreclosure law have been complied with.'"

*Lindsay v. Beneficial Reinsurance Co. (In re Lindsay)*, 59 F.3d 942, 948 (9th Cir.

1995) (quoting *BFP*, 114 S.Ct. at 1757).  In other words, here, the trustee's

sale may be set aside only if there was "an irregularity in the conduct of

the sale that would permit judicial invalidation of the sale under

applicable state law." *Id.* (quoting *BFP*, 114 S.Ct. at 1757).   Of course,

even if there was such an irregularity, and the presumption is therefore

inapplicable, the transfer to Defendant resulting from the trustee's sale

may only be avoided by Plaintiff if the price received at the sale was not

reasonably equivalent to "the price that would have been received if the

foreclosure sale had proceeded according to law." *Id.* (quoting *BFP*, 114

S.Ct. at 1757).

### b.    Idaho Foreclosure Law

Plaintiff's sole contention in her complaint is that the sale can be set

Cir. 2009).

MEMORANDUM OF DECISION – 14

aside under Idaho law because it was tainted by fraud.  Defendant argues

that, as a good faith purchaser for value, any failure by Nationstar or its

agents to comply with state law should not result in invalidation of the

sale by the Court, nor would it overcome the conclusive presumption that

reasonably equivalent value was received by Plaintiff through the sale.

Idaho Code chapter 15, title 45 governs the foreclosure of trust

deeds.  Idaho Code §§ 45-1501–15.  Idaho Code § 45-1506 describes the

manner in which a trust deed is to be foreclosed.  But Idaho Code § 45-

1508 specifies that "any failure to comply with the provisions of section 45-

1506, Idaho Code, shall not affect the validity of a sale in favor of a

purchaser in good faith for value at or after such sale . . . . "

Plaintiff does not allege in her complaint that Defendant did not

acquire the Property  in good faith for value.  Rather, Plaintiff states only

that Defendant purchased the Property for $140,282, and that she does not

know if Defendant was aware of the potential postponement of the sale, or

if Defendant had any communication with Nationstar prior to the sale.

Thus, even assuming the facts are as Plaintiff alleges, under Idaho Code

MEMORANDUM OF DECISION – 15

§ 45-1508, any failure by Nationwide or its agents to comply with Idaho

Code § 45-1506 would not constitute a reason to invalidate the sale to

Defendant.  Accordingly, under *BFP*, the facts Plaintiff alleges are

insufficient to overcome the conclusive presumption that the sale to

Defendant was for reasonably equivalent value.

But Plaintiff is not asking the Court to set aside the trustee's sale

based upon a failure to comply with the procedural requirements of Idaho

Code § 45-1506.  Instead, Plaintiff asserts that the sale should be set aside

because it was tainted by Nationstar's fraudulent misrepresentations.

The buyer protections afforded by Idaho Code § 45-1508 apply only

to sales challenged for a failure to comply with the procedural provisions

of Idaho Code § 45-1506.  *Taylor v. Just*, 59 P.3d 308, 313 (Idaho 2002).  And

good faith purchasers are not insulated against every claim or reason for

voiding a foreclosure sale.  *See, e.g.*, *Taylor*, 59 P.3d at 313 (holding that

Idaho Code § 45-1508 does not apply to a foreclosure sale that was void for

a lack of default at the time of the sale).

Even so, Plaintiff has cited no binding legal authority to support her

MEMORANDUM OF DECISION – 16

position that, under Idaho law, if proven, Nationstar's misrepresentations

would constitute good cause to invalidate the sale to Defendant, even as a

good faith purchaser.  Instead, Plaintiff cites to a decision from the

California Court of Appeals that provides, under California law, courts

may set aside a sale if "there has been fraud in the procurement of the

foreclosure decree or where the sale has been improperly, unfairly, or

unlawfully conducted, or is tainted by fraud . . . . "  Plaintiff's Resp. at 6

(citing *6 Angels, Inc. v. Stuart-Wright Mortgage, Inc.*, 85 Cal.App.4th 1279,

1285 (Cal. App. 2001)).  But the Court cannot apply this decision to these

facts because it does not interpret Idaho law; the court in *6 Angels* relies on

an older California Supreme Court decision, *Bank of America Nat'l Tr. Assn.

v. Reidy*, 15 Cal.2d 243, 248 (Cal. 1940)).  Moreover, the vitality of the *6

Angels* holding is questionable since the California Civil Code now

contains specific provisions rendering a trustee's sale voidable when fraud

or misstatements are involved.  *See In re Ulberg*, No. 10-53637-E-13, 2011

WL 6016131, at *9 (Bankr. E.D. Cal. Nov. 29, 2011) (citing California Civil

Code §§ 1695.13–14).  Importantly, as near as the Court can discern, there

MEMORANDUM OF DECISION – 17

are no similar Idaho decisions or Idaho Code provisions offering Plaintiff

relief.

Simply put, Plaintiff has not shown that, even if Nationstar did

defraud her, such fraud is a sufficient reason to set aside the foreclosure

sale to Defendant under Idaho law.  As a result, under *BFP*, as a matter of

law, the purchase price Defendant paid at the foreclosure sale is

conclusively presumed to be "reasonably equivalent value" and Plaintiff's

§ 548(a) avoidance claim fails.

Moreover, even assuming Nationstar's misrepresentations do

provide a basis to set aside the trustee's sale to Defendant, under *BFP*,

whether Plaintiff in fact received reasonably equivalent value via the sale

is measured by comparing the sale price to the value Plaintiff would have

received at properly conducted foreclosure sale.  Because Plaintiff's

complaint refers only to the Property's "market value," and not the value

of the Property at a properly conducted foreclosure sale, it fails to

adequately allege a claim for relief against Defendant.

In sum, the Court concludes that Count One of the complaint should

MEMORANDUM OF DECISION – 18

be dismissed as to Defendant. In addition, although Nationstar did not

appear at the hearing or submit its own briefing, it is clear that, for the

same reasons, Count One also fails against Nationstar. Based upon

Nationstar's "joinder" in Defendant's motion, Count One will also be

dismissed as to Nationstar.

> **B.    Count Two** - § 544(b)(1)

Defendant argues in Count Two that she has been the victim of

common law fraud. However, the complaint alleges that Nationstar, not

Defendant, perpetrated that fraud. Defendant therefore seeks dismissal of

Count Two against it. However, while Plaintiff is not claiming that

Defendant committed fraud, she is arguing that because Nationstar lied to

her the trustee's sale may be set aside, thereby giving a bankruptcy trustee,

or Plaintiff in this case, the power to avoid the transfer under § 544(b)(1).

Under § 544(b)(1), a trustee may avoid any prebankruptcy transfer

that a creditor holding an unsecured claim in the bankruptcy case could

have voided under applicable law. § 544(b)(1). Here, Plaintiff claims the

foreclosure sale is avoidable under § 544(b)(1) because an unsecured

MEMORANDUM OF DECISION – 19

creditor would have been able to void that sale using Idaho's common law

of fraud.  But as explained above, the presence of fraud alone does not

render the foreclosure sale to a bona fide purchaser void.  Again, Plaintiff

has not alleged that Defendant is not a bona fide purchaser.  Thus, it

appears that Plaintiff cannot use § 544(b)(1) to avoid the transfer of the

Property to Defendant.

Count Two, as pled in the complaint, must also be dismissed as to

Defendant.[5]  Because the complaint requests monetary relief in the event

the sale transfer is not avoided, Count Two will not be dismissed against

Nationstar.

C.    **Count Three**

Under Count Three, Plaintiff requests an award of attorney's fees

and costs incurred for pursing this action and in the prosecution of the

---

[5] During the motion argument, and in her post-hearing brief, Plaintiff
raised additional arguments concerning the effect and timing of when Defendant
received the trustee's deed, and when that deed was recorded.  However, the
dates of these two occurrences, and Plaintiff's theory of recovery based upon
these events, were not clearly plead in the complaint.  Therefore, any rights
Plaintiff may have to attack the sale based upon such events are not, at this time,
properly before the Court, and will not be addressed.

MEMORANDUM OF DECISION – 20

bankruptcy case. While Defendant did not seek dismissal of this Count,

dismissal of Counts One and Two as to Defendant would necessarily

compel dismissal of Count Three as to Defendant.

### D.    Dismissal Without Prejudice

Civil Rule 15(a)(2), made applicable here by Rule 7015, provides that

the Court should "freely give leave [to amend] when justice so requires."

In the Ninth Circuit, this policy is "to be applied with extreme liberality."

*Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003)

(citations omitted). "Absent prejudice, or a strong showing of any of the

remaining *Foman* factors,[6] there exists a presumption under Rule 15(a) in

favor of granting leave to amend ." *Eminence Capital*, 316 F.3d at 1052.

Additionally, "[d]ismissal with prejudice and without leave to amend is

not appropriate unless it is clear . . . that the complaint could not be saved

by amendment." *Id.* at 1052 (citations omitted).

---

[6] The *Foman* factors include undue delay, bad faith, dilatory motives on the part of the movant, repeated failures to cure deficiencies through earlier allowed amendments, undue prejudice to opposing parties, and futility. *Sonoma Cnty. Ass'n of Retired Employees v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir.2013) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962))

MEMORANDUM OF DECISION – 21

It is not clear that Plaintiff's complaint cannot be saved by

amendment.  There is also no showing of prejudice to Defendant, nor do

the other *Foman* factors support dismissal with prejudice.  For these

reasons, Plaintiff may, if she chooses, file an amended complaint, within

fourteen (14) days.  If she fails to timely do so, upon request, the claims

against Defendant shall be dismissed with prejudice.

### *Conclusion*

For these reasons, a separate order will be entered granting

Defendant's motion to dismiss.  Count One will be dismissed as to both

Defendant and Nationstar.  Counts Two and Three will be dismissed only

as to Defendant.

///

///

Dated: July 28, 2017



MEMORANDUM OF DECISION – 22

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge

MEMORANDUM OF DECISION – 23